IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| TASHEKA GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>BINJHOL TRANSPORT INC. AND PARVEEN KUMAR,<br><br>Defendants. | Civil Action No.:  3:25-cv-10960-SAL<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

COME NOW THE PLAINTIFF, Tasheka Green (hereinafter by name or "Plaintiff"), by and through her undersigned counsel, and for her Complaint against the above-named Defendants, would respectfully show unto this Honorable Court as follows:

**PARTIES**

1. Plaintiff Tasheka Green (by name or "Plaintiff") was at all times relevant to this Complaint, a citizen and resident of Lexington County, South Carolina.

2. Upon information and belief, Defendant Parveen Kumar ("Defendant Kumar") was at all times relevant to this Complaint a citizen and resident of Fresno County, California.

3. Upon information and belief, at all times relevant to this Complaint, Defendant Kumar conducted business as Binjhol Transport and was organized and existing under California state law.

4. Defendant Kumar and Defendant Day and Binjhol Transport may be referred to herein as "Defendants."

1

5. Upon information and belief, Defendant Kumar had his principal place of business in Fresno, California, but regularly transacted business in Lexington County, South Carolina and was doing so at all times relevant to this Complaint.

6. Upon information and belief, Binjhol Transport, Inc. has never registered an agent in South Carolina though, upon information and belief, it regularly transacted business in different counties in the State of South Carolina, including Lexington County, at or near the time of the incident upon which this Complaint is based.

7. Defendant Binjhol Transport, Inc. is a business for which there may be no information or misinformation in the public domain. Plaintiff has attempted to do different searches to obtain the proper corporate identity for Binjhol Transport, Inc. If the names are improper in some way, Defendant should be able to use the description of itself and its company to be able to identify if it is the correct entity to be named in this action. If so, it is required to comply with the Summons, which requires them to file an answer to this action within (30) days of service of the Summons and Complaint.

8. Upon information and belief, Defendant Binjhol Transport, Inc had the right and/or power to direct and control the manner in which its employees and/or agents, including Defendant Kumar himself, transacted business, followed company policy and procedure, or acted as company employees or agents while doing business in the State of South Carolina.

9. Upon information and belief, Defendant Binjhol Transport, Inc. had non-delegable duties to provide truck driver employees and/or agents, including Defendant Kumar himself, who were adequately trained to safely and properly operate company trucks.

10. At all times relevant to this action, Defendant Kumar was required to adhere to and follow all state and federal regulations, laws, and safety guidelines regarding the safe driving of his business vehicle(s).

11. The negligent, grossly negligent, or reckless acts, omissions, and liability of Defendant Binjhol Transport, Inc., includes that of its agents, principals, employees, and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency, and/or respondeat superior.

12. Defendant Kumar and Defendant Binjhol Transport, Inc. are jointly and severally liable for all injuries and damages alleged herein.

## JURISDICTION AND VENUE

13. Plaintiffs re-allege the above paragraphs as if fully set forth herein.

14. Plaintiff is a citizen of the State of South Carolina. Defendants are citizens of and a business based in California.

15. The incident giving rise to the present action occurred in Cayce, South Carolina, located in Lexington County.

16. The parties are citizens of different states.

17. The amount in controversy in this action exceeds $75,000.00.

18. This Court has subject matter jurisdiction over this matter pursuant to the parties' diversity of citizenship jurisdiction.

19. Defendants, jointly and severally, regularly transact, conduct, and solicit business, engage in other persistent conduct, or derive substantial revenue from goods used or consumed or services rendered in Lexington County and caused tortious injury to the Plaintiff in Lexington County.

20. Non-resident Defendants are subject to personal jurisdiction in this Court pursuant to the South Carolina Long Arm Statute, S.C. Code Ann. §§ 36-2-802 & -803.

21. Jurisdiction and venue in this Court are appropriate pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a).

## FACTS

22. On November 26, 2024, Plaintiff drove a 2009 Dodge Charger (Plaintiff's vehicle) bearing South Carolina license plate 8604PC and traveled west on Highway 321 in Cayce, Lexington County, South Carolina.

23. The Plaintiff was wearing her seatbelt.

24. On the same date and at the same time, based upon information and belief, Defendant Kumar was driving and operating a commercial truck-trailer bearing California license plate 4WJ1231 (Defendant's commercial truck-trailer) and was traveling west on Highway 321 in Cayce, Lexington County, South Carolina.

25. The Plaintiff's vehicle was directly behind the Defendant's commercial truck-trailer being driven by Defendant Kumar on Highway 321, as the traffic control signal turned red.

26. Both Plaintiff and Defendant Kumar came to a stop at the traffic control signal.

27. Immediately and without warning, following their stop at the traffic control signal, Defendant Kumar began to reverse his commercial truck-trailer into the Plaintiff's vehicle.

28. Defendant Kumar struck the Plaintiff's vehicle and pushed Plaintiff's vehicle back approximately 50 yards before coming to a stop.

29. Prior to backing into Plaintiff, Defendant Kumar's commercial truck-trailer, was not blocking the intersection or traffic control signal on the corner of Highway 321 and Fish Hatchery Road.

30. When the traffic control light turned green, Defendant Kumar proceeded through the traffic control light, leaving the scene of the accident.

31. The collision resulted in serious injuries to Ms. Green and as a result, she has incurred medical expenses (past and present) and will incur medical expenses in the future.

32. Ms. Green also suffered severe pain and suffering, loss of quality of life, and inconvenience.

33. But for the negligent actions and omissions of Defendant Binjhol Transport Inc., and its agents and/or employees, Ms. Green would not have sustained these damages.

34. As a direct and proximate result of the negligence of Defendant Binjhol Transport Inc., and its agents and/or employees' negligence, Ms. Green suffered personal injuries.

35. As a direct and proximate result of Defendant Binjhol Transport Inc., and its agents and/or employees' negligence, Ms. Green suffered lost wages and lost earning capacity and may in the future as a result of her injuries.

36. All of the Plaintiff's injuries and damages have caused her to suffer great physical pain and mental suffering up to and including the present time.

37. As a result of Plaintiff's injuries and damages, the Plaintiff has become obligated for the payment of large sums of money for doctor bills and other medical attention and treatment and may become obligated for payments for future medical attention and treatment.

38. When operating on public roadways, Defendant owed people on the roadway a duty to exercise ordinary care for their safety.

**FIRST CAUSE OF ACTION**
**(Negligence)**
**(Direct Liability- Defendant Kumar; Vicarious Liability/Respondeat Superior- Defendant Binjhol Transport Inc.)**

39. Plaintiffs reincorporate all paragraphs above as if fully set forth herein.

40. Plaintiff is informed and believes Defendant Kumar owed multiple duties to Plaintiff, including, but not limited to, driving the commercial truck in a safe manner and obeying state and federal laws and regulations.

41. Defendant Kumar knew or had reason to know that failing to uphold and fulfill his duties was reasonably likely to result in serious injury or death to others such as Plaintiff.

42. Defendant Kumar breached multiple duties to Plaintiff and was negligent, grossly negligent, and reckless, in the following respects:

   a. In failing to pay attention to the direction he was backing his truck;

   b. In reversing his truck in the middle of a roadway;

   c. In failing to keep a proper lookout;

   d. In paying attention to other matters when Defendant Kumar should have been paying attention to the direction he was backing his truck;

   e. In failing to apply the brakes to avoid striking Ms. Green;

   f. In failing to ensure it was safe to reverse his truck;

   g. In failing to yield to a pedestrian;

   h. In texting or engaging in some type of behavior that caused him to disregard Ms. Green before striking her and pushing her vehicle several feet;

   i. In violating state and federal laws enacted to protect the safety and health of pedestrians and other drivers, so as to constitute negligence per se;

   j. In driving in a distracted and fatigued condition;

   k. In departing the scene of an accident;

   l. In generally failing to use the degree of care and caution that a reasonably prudent person would have used under the same or similar circumstances;

   m. In failing to slow or stop his truck to avoid striking Ms. Green;

6

      n. If Defendant Kumar is a self-employer who owns and operates his own truck, in failing to obtain the proper skill and requisite training and experience prior to operating a commercial truck-trailer; and,

      o. In such other ways as may be ascertained through discovery.

43. All of the acts and/or omissions above constitute negligence, carelessness, recklessness, wantonness, gross negligence, and/or negligence per se, and are attributable to Defendant Binjhol Transport Inc., under the doctrine of respondeat superior.

44. As a direct and proximate result of Defendant Kumar's negligent, careless, reckless, and grossly negligent acts and omissions, Ms. Green suffered severe, debilitating, and permanent personal injuries, pain, loss of range of motion, loss of strength, suffering, mental anguish, embarrassment, loss of quality of life, and loss of opportunity to pursue non-economic hobbies, and has incurred substantial medical bills to date and may continue to incur medical bills in the future.

45. As a further direct and proximate result of Defendant Kumar's aforementioned acts and/or omissions, Ms. Green suffered and will suffer in the future lost wages, lost earning capacity, and lost earning opportunities.

46. All of Ms. Green's damages should be determined by a jury.

**AS TO DEFENDANT BINJHOL TRANSPORT INC.**
(Institutional Liability)

47. Plaintiff reincorporates all paragraphs above as if fully set forth herein. Plaintiff is informed and believes Defendant Binjhol Transport Inc., owed multiple duties to Plaintiff, including, but not limited to, providing a driver who was able to drive a commercial truck in a safe manner, and engaging in the proper hiring, oversight, supervising and training of commercial vehicle drivers (such as Defendant Kumar).

48. Defendant Binjhol Transport Inc. knew or had reason to know that failing to uphold and fulfill its duties was reasonably likely to result in serious injury or death to others such as Plaintiff.

49. Plaintiff is informed and believes that Defendant Binjhol Transport Inc. had duties to persons who may come into contact with the truck-trailer, including but not limited to Ms. Green, and its actions in contributing to this incident were negligent, careless, reckless, wanton, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

   a. in failing to have in place policies and procedures to train and/or monitor its agents and/or employees, or if such procedures were in place, in failing to enforce them;

   b. in failing to have in place adequate policies and procedures to mandate compliance by its agents and/or employees with statutes, laws, and regulations regarding road safety, or if such policies and procedures were in place, in failing to enforce them;

   c. in failing to have in place an adequate safety program for the safety and protection of persons who would be around truck-trailers driven by its agents and/or employees, or if such a program was in place, in failing to implement it;

   d. in failing to ensure its agents and/or employees had the proper training and experience to be able to drive the commercial truck-trailer;

   e. in entrusting the driving when it knew or should have known that its agents and/or employees could not drive the commercial truck-trailer in a safe and effective manner;

    f. in failing to ensure that its agents and/or employees had sufficient, adequate and current training, credentials, and skills to properly drive a truck-trailer;

    g. in continuing to allow Defendant Kumar to drive the truck-trailer when it knew or should have known Defendant Kumar was not qualified or had the requisite skill to do so; and

    h. in generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

50. As a direct and proximate result of Defendant Binjhol Transport Inc., negligent, careless, reckless, and grossly negligent acts and omissions, Ms. Green suffered severe, debilitating, and permanent personal injuries, pain, loss of range of motion, loss of strength, suffering, mental anguish, embarrassment, loss of quality of life, and loss of opportunity to pursue non-economic hobbies, and has incurred substantial medical bills to date and may continue to incur medical bills in the future.

51. As a further direct and proximate result of Defendant Binjhol Transport Inc.'s aforementioned acts and/or omissions, Ms. Green suffered and will suffer in the future lost wages, lost earning capacity, and lost earning opportunities.

52. All of Ms. Green's damages should be determined by a jury.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual, consequential and special damages, for an award of punitive damages, for costs and attorneys' fees and for such other and further relief as this court deems just and proper.

*Signature on next page.*

Respectfully submitted by,

s/Kambrell H. Garvin
Kambrell H. Garvin, Federal ID #13508
Kambrell Garvin Law Firm, LLC
2731 River Drive
Columbia, South Carolina 29201
Telephone: (803) 900-4878
Facsimile: (803) 797-3231
Email: kg@kambrell.com

Attorney for Plaintiff

Columbia, South Carolina
August 15, 2025